**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JORGE ROJAS,** | ) | **CASE NO. 3:13CV2521** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **WARDEN, ROSS CORRECTIONAL INSTITUTION,** | ) ) | **MEMORANDUM OF OPINION** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Jorge Rojas' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

On March 4, 2011, Petitioner and two co-defendants were indicted by the Lucas County grand jury with one count of Aggravated Burglary, six counts of Aggravated Robbery, two counts of Felonious Assault, one count of Attempted Murder, and one count of Breaking and Entering. All charges, save for the Breaking and Entering, carried Firearm and Criminal Gang Specifications. Petitioner proceeded to trial. At trial, the State proceeded only on seven of the eleven charges, as the Aggravated Burglary, Breaking and Entering, one of the Felonious Assault charges and one of the Aggravated Robbery charges were dropped. In addition, the Criminal Gang Specifications were eliminated.

On September 29, 2011, a jury found Petitioner guilty as charged, except that Petitioner was found guilty of Complicity to Commit Felonious Assault rather than Complicity to Commit Attempted Murder. The trial court sentenced Petitioner to an aggregate prison term of 71 years.

On October 7, 2011, Petitioner filed a Notice of Appeal with the Sixth District Court of Appeals. On May 3, 2013, the Court of Appeals affirmed Petitioner's conviction. However, the case was remanded for a limited re-sentencing, because the trial court had sentenced Petitioner to a nine-year prison term for Complicity to Commit Felonious Assault, for which the maximum sentence was eight years. On May 24, 2013, Petitioner filed a Notice of Appeal with the Supreme Court of Ohio. On July 24, 2013, the Ohio Supreme Court declined to accept jurisdiction of the Appeal.

Petitioner filed the instant Petition on November 14, 2013, asserting the following grounds for relief:

**GROUND ONE:** The trial court erred in failing to grant Appellant[']s motion to

2

sever.

**GROUND TWO:**  The trial court erred to the prejudice of Appellant for failing to declare a mistrial upon request, denying due process, under 5th & 14th Amendments, U.S. constitution.

**GROUND THREE:**  Trial court erred to prejudice of Appellant by denying right to dismiss his attorney and provide new counsel, contrary to 6th Amendment.

**GROUND FOUR:**  Appellant was denied effective assistance of counsel at trial.

**GROUND FIVE:**  The verdicts of the jury were against the manifest weight of the evidence.

**GROUND SIX:**  The cumulative effect of errors violated the right to a fair trial.

**GROUND SEVEN:**  The trial court should have merged several of the sentences as a part of the same transaction or occurance [sic].

**GROUND EIGHT:**  Trial court committed prejudicial error by admitting perjured testimony in crimen falsi by co-defendant, and false evidences [sic] under Ohio Evidence Rules 103(c), 402, 404(b), 608(b)(1), 613(b), & 616 … which constituted a fraud upon court to obtain a conviction.

**GROUND NINE:**  Trial court committed prejudicial error by admitting irrelevant evidence, violating Ohio Evidence Rules 401, 402, & 404(b), under the 6th & 14th Amendments.

**GROUND TEN:**  The Sixth District Court of Appeals violated the 6th & 14th Amendments … by failing to allow a pro se motion to intervene.

**GROUND ELEVEN:**  Appellant was denied effective assistance of appeals counsel.

On May 2, 2014,  this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued his Report and Recommendation on December 11, 2014.  On December 29, 2014, Petitioner filed Objections to the Magistrate's Report and Recommendation.

3

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect.  *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary.  *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004).  Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

In Ground One, Petitioner contends that when the trial court denied his Motion to Sever it denied him of a fair trial and violated due process.  Respondent asserts that

there is no general constitutional right to a severance.  "A petitioner seeking habeas relief on the basis of a trial court's failure to sever his trial from his co-defendant's bears a very heavy burden."  *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (citing *United States v. Horton*, 847 F.2d 313, 316 (6th Cir. 1988)).  "As a general rule, joint trials are favored."  *Id. (citing United States v. Dempsey*, 733 F.2d 392, 398 (6th Cir. 1984)).

The Magistrate Judge points out that the Ohio Court of Appeals considered this issue and found that the trial court did not abuse its discretion nor was there any prejudice to Petitioner.  Petitioner's co-defendant did not testify; both did not present mutually antagonistic evidence; both did participate in the same or similar acts and were part of the same conduct.  The Court agrees with the Magistrate Judge that this finding by the Court of Appeals was a reasonable application of clearly established federal law.  Petitioner has not demonstrated any compelling or specific prejudice that would show denial of a fair trial.  Therefore, Ground One is denied.

In Ground Two, Petitioner contends that he was denied due process when his Motion for a Mistrial was denied.  Petitioner argues that the testimony of a witness about Petitioner's participation in another crime deprived him of a fair trial and the trial court should have granted the mistrial.

In making a determination whether testimony or statements deprived a petitioner of a fundamentally fair trial, a court considers five factors: whether the remark which occasioned the motion for a mistrial was unsolicited; whether the line of questioning which led to the remark was reasonable; whether a prompt and clear limiting instruction was given; whether there was any evidence of governmental bad faith; and, how the

remark compared to the balance of the evidence at trial. *See Arthurs v. Warden, Warren Corr. Inst.*, 2012 U.S. Dist. LEXIS 39779 (S.D. Ohio Mar. 23, 2012) (*citing Zuern v. Tate*, 336 F.3d 485).

The Magistrate Judge reviewed the record and it is clear that the trial court gave a limiting instruction after the testimony in question.  The Court of Appeals correctly pointed out that the jury is presumed to have understood and correctly followed the trial court's instruction.  The Court agrees with the Magistrate Judge that the Court of Appeals clearly applied established federal law when finding that Petitioner was not deprived of a fundamentally fair trial.  Therefore, Ground Two is denied.

In Ground Three, Petitioner contends that he was denied his right to counsel because the trial court denied him a new attorney on the day of trial.  The Court of Appeals addressed this issue and found that Petitioner did not demonstrate a conflict sufficient to interfere with having a fair trial.  The Court of Appeals found that the trial court did not abuse its discretion by denying Petitioner's request for new counsel.

The Supreme Court has held that the Sixth Amendment "guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts."  *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 624, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989).

In his Objections to Magistrate's Report and Recommendation, Petitioner asserts that he has the right to have his attorney press the issues he wants pressed in his defense as long as they comply with the law, and that he has the right to conduct the direction of his defense.   Petitioner is incorrect.  As the Magistrate Judge correctly

points out, merely because Petitioner believed that trial counsel did not provide discovery in a satisfactory manner or did not meet with him as often as he wished did not render her representation inadequate. Counsel indicated that she had met with Petitioner on at least twelve occasions and provided all the discovery that was in her possession prior to trial. The Court agrees with the Magistrate Judge that the Court of Appeals reasonably applied clearly established federal law in finding no error from denying the Motion for New Counsel. Therefore, Ground Three is denied.

In Ground Four, Petitioner contends that trial counsel was ineffective. To establish ineffective assistance of counsel, a petitioner must demonstrate that his counsel's conduct was so below acceptable standards of representation that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *See Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Bavers*, 787 F.2d 1022 (6th Cir. 1985). A petitioner also must demonstrate that a trial counsel's performance prejudiced the petitioner's defense to such an extent that it rendered the proceeding unfair. *Id*. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsels unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In other words, a counsel's deficient performance must have "caused the defendant to lose what he otherwise would probably have won" and it must have been "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

The Court of Appeals addressed Petitioner's arguments and found that there was no evidence of ineffective representation by counsel. In the instant Petition, Petitioner

7

makes numerous vague allegations that counsel's performance was inadequate.  The Magistrate Judge determined that Petitioner has offered no proof beyond mere allegation that his counsel's performance was deficient.  The Court agrees with the Magistrate Judge that Petitioner has failed to demonstrate his counsel's representation was objectively unreasonable and prejudiced Petitioner.  Therefore, Ground Four is without merit.

In Ground Five, Petitioner contends that the verdicts of the jury were against the manifest weight of the evidence.  A claim that a conviction is against the manifest weight of the evidence is a state-law claim that is not cognizable upon federal habeas review.  *See Nash v. Eberlin*, 258 Fed. Appx. 761, 765, n. 4 (6th Cir.2007); *Hess v. Eberlin*, 2006 WL 2090093 (S.D. Ohio 2006) (*citing Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.1983)).  In Petitioner's Memorandum in Support he makes reference to the sufficiency of the evidence.  Unlike "manifest weight claims," "insufficient evidence" claims are cognizable in habeas under the Fourteenth Amendment's Due Process Clause.  *In re Winship*, 397 U.S. 358, 363–64, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).  Therefore, the Court will consider Ground Five as raising a sufficiency rather than manifest weight claim.

The Due Process clause of the Fourteenth Amendment requires that a criminal conviction be supported by proof beyond a reasonable doubt with respect to every fact necessary to constitute the offense charged.  *In re Winship*, 397 U.S. 358, 363–64, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).  The standard for determining if a conviction is supported by sufficient evidence is "whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 317, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The Magistrate Judge determined that Petitioner's argument is that the testimony of one of the witnesses was false and his convictions could not stand without that testimony. The Court of Appeals addressed the issue and found that there was sufficient evidence to support the convictions and that the jury was in the best position to evaluate the credibility of witnesses.

After thoroughly reviewing the record of the evidence for all of the charges, the Magistrate Judge concluded that the jury had enough evidence to find Petitioner guilty of all charges. The Court agrees with the Magistrate Judge that the issue of whether the witnesses were truthful in their testimony is beyond the Court's review. The Court is required to give deference to the trier of fact. Therefore, Ground Five is without merit and denied.

In Ground Six, Petitioner contends that the cumulative effect of the errors deprived him of a fair trial. The Magistrate Judge concluded that the claims did not warrant habeas relief on their own and thus were not cognizable.

"[T]he law of this Circuit is that cumulative error claims are not cognizable on habeas [review] because the Supreme Court has not spoken on this issue." *Cross v. Stovall*, 238 Fed. App'x. 32, 41 (6th Cir. 2007), cert. denied 552 U.S. 981, 128 S. Ct. 454, 169 L. Ed. 2d 317 (2007) (*quoting Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006)); *accord Hoffner v. Bradshaw*, 622 F.3d 487, 513 (6th Cir. Ohio 2010) ("we have previously held that 'post-AEDPA, not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief.'") (*quoting*

9

*Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005); *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006). Therefore, the Court finds that Ground Six provides no basis for relief and is denied.

In Ground Seven, Petitioner contends that his convictions on Counts Two and Three should have been merged for sentencing. Petitioner argues that because both robberies occurred in one location it was a single act. The Court of Appeals addressed this issue and found that as each offense involved a separate victim, the store clerk and the customer, they were not allied offenses of similar import. Petitioner disagrees with the Court of Appeals ruling as to the issue of allied offenses.

The Court agrees with the Magistrate Judge that the Court simply cannot overrule a state court's interpretation of state law. *See, e.g., Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) ("Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state."); *Volpe v. Trim*, 708 F.3d 688, 697 (6th Cir. 2013) ("[w]hen assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes.") (citations omitted). The Court of Appeals has ruled similarly in other cases, and the Court agrees that Petitioner's actions involving two different victims establishes a separate animus for each offense.

The Court agrees with the Magistrate Judge that if Petitioner had only robbed the store and not also the customer there would only have been one charge. The Magistrate Judge also acknowledged that under Petitioner's theory, a single act of arson resulting in the deaths of a dozen victims would constitute only one crime and the arsonist would essentially go unpunished for eleven of the twelve deaths. *See, e.g.,*

*State v. Collins*, 2011-Ohio-3241 (Ohio Ct. App. Jun. 30, 2011) ("[W]hile the aggravated arson and felony murder counts merge, the separate counts as to each victim remain. Although Collins set one fire, he created a substantial risk of harm or injury to four children.") Therefore, the Court finds that Ground Seven is without merit and denied.

In Grounds Eight and Nine, Petitioner contends that the trial court committed prejudicial error by allowing certain testimony and evidence to be admitted. Respondent asserts that these grounds are procedurally defaulted. Petitioner attempted to raise these grounds in direct appeal when he filed a *pro se* Motion to Intervene while being represented by counsel. The Court of Appeals denied this Motion finding that Petitioner was not entitled to raise supplemental assignments of error when represented by counsel.

The Ohio Supreme Court has held that "[a] defendant has no right to a 'hybrid' form of representation wherein he is represented by counsel, but also acts simultaneously as his own counsel." *State v. Keenan*, 8l Ohio St.3d 133, 138, 689 N.E.2d 929 (1998), *citing McKaskle v. Wiggins*, 465 U,S. 168, 183, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). The Magistrate Judge thoroughly reviewed the record and found that the State of Ohio regularly enforces its prohibition against Petitioners raising claims on appeal while being represented by counsel. Thus, the Court agrees with the Magistrate Judge that Grounds Eight and Nine are procedurally defaulted unless Petitioner can show sufficient cause and prejudice to excuse the default.

Here, Petitioner suggests that counsel's ineffective assistance resulted in his default. The Magistrate Judge acknowledges that in Ohio, defendants claiming ineffective assistance of appellate counsel must apply to the Ohio Court of Appeals for

11

reopening of the direct appeal, as Petitioner did. The Court of Appeals denied the Application to Reopen, and Petitioner did not appeal that decision. However, Petitioner did argue ineffective assistance of appellate counsel on direct appeal to the Ohio Supreme Court.

The United States Supreme Court has repeatedly stated that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990); *see also Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 79 L. Ed. 2d 29 (1984). Errors in applying state law, especially rulings regarding the admission or exclusion of evidence, are usually not questioned in a federal habeas corpus proceeding. *Coleman v. Mitchell*, 244 F.3d 533, 542-543 (6th Cir. 2001); *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). To be entitled to relief, a petitioner must establish that there has been an infringement of a right guaranteed under the United States Constitution. *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994). As a general rule, an error of state law in the admissibility of evidence does not constitute such a denial and is not cognizable in habeas proceedings. *Byrd v. Collins*, 209 F.3d 486, 528 (6th Cir. 2000), cert. denied, 531 U.S. 1082, 121 S. Ct. 786, 148 L.Ed. 2d 682 (2001).

Here, Petitioner fails to raise cognizable habeas claims by simply questioning the admissibility of certain evidence under Ohio law. However, Petitioner also claims that appellate counsel was ineffective for failing to raise these claims on direct appeal. To prove ineffective assistance of appellate counsel, a claimant must show a level of deficient performance that is prejudicial to the defendant under *Strickland*. *See Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993). The Court agrees with the

Magistrate Judge that counsel must provide reasonable professional judgment in presenting the appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396-97, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986), *quoting Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

Petitioner has failed to show sufficient cause and prejudice to excuse the default. Failure of appellate counsel "to raise an issue on appeal is ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005), *citing Greer v. Mitchell*, 264 F.3d 663 (6th Cir. 2001). The challenged evidence and testimony was addressed by the trial court. Petitioner's arguments challenging the witnesses' testimony cites no authority. Appellate counsel cannot be found ineffective for failing to raise frivolous points requested by his client.

The Magistrate Judge acknowledges that ineffective assistance of appellate counsel can constitute cause sufficient to excuse a procedural default. *Landrum v. Mitchell*, 625 F.3d 905, 916 (6th Cir.2010) cert. denied, 132 S. Ct. 127, 181 L. Ed. 2d 49 (2011); *Howard v. Bouchard*, 405 F.3d 459, 478 (6th Cir. 2005); *Murray v. Carrier*, 477 U.S. 478, 492, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). "However, 'an ineffective-assistance-of counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.'" *Id.* (*quoting Edwards v. Carpenter*, 529 U.S.

13

446, 453, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000)). Therefore, the Court finds that Petitioner's contention that he was deprived of the effective assistance of appellate counsel is without merit. Furthermore, because this claim is lacking in merit, it cannot serve to excuse Petitioner's procedural default of the claims contained in Grounds Eight and Nine.

In Ground Ten, Petitioner contends that the Court of Appeals violated the Due Process and Equal Protection clauses when it denied his request to add supplemental assignments of error on appeal. As previously discussed, the Ohio Supreme Court has held that defendants do not have a right to a hybrid form of representation on appeal. The Magistrate Judge makes clear that the Sixth Circuit has expounded on the fact that there is no constitutional right to hybrid representation and even explained that a habeas petitioner has no right to hybrid representation while filing a habeas petition. *United States v. Mosely*, 810 F.2d 93, 98 (6th Cir.1987). A defendant has a constitutional right to be represented by counsel or to represent himself during his criminal proceedings, but not both. *Id.* at 97 (citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)).

The Court agrees with the Magistrate Judge that although courts are not prohibited from considering *pro se* filings even where a defendant/appellant is represented by counsel, no clearly established federal law requires a court to do so. Additionally, even if Petitioner believes he was permitted to intervene under state law, such an error would not entitle him to habeas relief. Habeas corpus relief does not lie for errors of state law. Therefore, Ground Ten is without merit and denied.

In Ground Eleven, Petitioner contends he was denied effective assistance of

counsel on appeal. To make out an ineffective assistance of counsel claim, the petitioner must demonstrate both inadequate performance by counsel and prejudice resulting from that inadequate performance. *Strickland*. Under the test set forth in *Strickland*, the defendant must establish deficient performance and prejudice:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

As previously discussed, counsel on appeal is presumed to have focused on those issues more likely to prevail. Because the competence of counsel is presumed, it is Petitioner's burden to prove counsel's representation was unreasonable. Again, Petitioner has offered no proof beyond mere allegation that his appellate counsel's performance was deficient. Therefore, the Court finds that Ground Eleven is without merit and denied.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28

U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

       IT IS SO ORDERED.

Date:2/12/2015

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge